IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLEOPHA DARNEYL FRANKS,** | * |
| **# 69858-510,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 24-00045-TFM-B |
| | * |
| **BALDWIN COUNTY JAIL,** | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on review.[1] Plaintiff Cleopha Darneyl Franks was recently convicted in this Court and sentenced to 33 months in the custody of the United States Bureau of Prisons. See United States v. Cloepha Franks, Criminal No. 23-00119-KD-MU, ECF No. 66. In February 2024, while he was detained at the Baldwin County Jail in Bay Minette, Alabama, Franks filed the instant action seeking relief under 42 U.S.C. § 1983. (See Doc. 1). On or about February 29, 2024, while this action was pending, Franks was transferred to the Monroe County Jail in Monroeville, Alabama. (See Doc. 6).

On May 6, 2024, the Court granted Franks' motion to proceed without prepayment of fees and ordered Franks to pay an initial

---

[1] This action has been referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636(b)(1). (Doc. 2).

partial filing fee of $17.20 by June 6, 2024.[2]  (Doc. 8 at 1-2). The Court expressly advised Franks that he was required to pay the $17.20 initial partial filing fee before this case could proceed further, and it warned Franks that failure to timely comply with the order would result in the dismissal of this action.  (Id.). The Court also reminded Franks that he was required to immediately notify the Court in writing of any change in his address.  (Id. at 3-4).  The Court's May 6, 2024 order was mailed to Franks at the Monroe County Jail, where he was then incarcerated, and it was not returned to the Court as undeliverable.

On June 17, 2024, after Franks failed to pay the $17.20 initial partial filing fee or otherwise respond to the Court's May 6, 2024 order, the undersigned entered a report and recommendation recommending that this action be dismissed without prejudice for

---

[2] The Court calculated Franks' $17.20 initial partial filing fee in accordance with 28 U.S.C. § 1915(b)(1), which provides, in relevant part:

> The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> 
> (A) the average monthly deposits to the prisoner's account; or
> 
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .

28 U.S.C. § 1915(b)(1).

2

Franks' failure to prosecute and obey the Court's order to pay the initial partial filing fee. (Doc. 9).

Thereafter, in a filing dated June 20, 2024, Franks stated, in relevant part:

> My name is Cleopha Franks. [BOP Register] # is 69858-510. I have a civil case Cleopha Franks vs. Baldwin County. I do not have the case number because the Marshals took all of my legal paperwork. I am being moved around. I left Monroe County on May 23rd, 2024, went to Lovejoy, Georgia, then moved to CoreCivic in Oklahoma City, then moved to Tallahatchie County Correctional Facility CoreCivic. I will go to Pollock, Louisiana when I leave here and that will be the final place for me to stay, but I don't know when that will be. In response to court orders to let you know where I am it is June 20, 2024. I have been moved around since May 23, 2024. My current address is Tallahatchie County Correctional Facility, 19351 US Hwy 49 N, Tutwiler, MS 38963, Telephone 662-345-6567. This is where I am. When I leave I will be at Pollock, Louisiana, but I don't know when that will be so you have a current address on me for my case.

(Doc. 10 at 1 (cleaned up)).

Based on Franks' filing, the undersigned found it reasonable to infer that Franks' failure to timely pay the initial partial filing fee was the result of being in transit and was not willful. Accordingly, in an order dated June 25, 2024, the undersigned withdrew the recommendation that this action be dismissed for failure to pay the initial partial filing fee and *sua sponte* extended the time for Franks to pay the initial partial filing fee through September 6, 2024. (Doc. 11 at 3-4). The Court warned Franks that failure to comply with the order to pay the $17.20

initial partial filing fee by September 6, 2024, would result in the dismissal of this action. (Id. at 4). The Court's June 25, 2024 order was mailed to Franks at Tallahatchie County Correctional Facility, where he was then incarcerated. Thereafter, on August 15, 2024, the Court learned that Franks had been transferred to USP Pollock, and the Clerk mailed another copy of the Court's June 25, 2024 order to Franks at his new address.

To date, Franks has not paid any portion of the $17.20 initial partial filing fee, despite being ordered to pay the initial partial filing fee by the extended deadline of September 6, 2024. Franks has not requested additional time to pay the initial partial filing fee, he has not indicated that he is unable to pay the initial partial filing fee, and he has not provided any other explanation for his failure to pay the initial partial filing fee as directed. The Court's most recent order, which directed Franks to pay the initial partial filing fee by September 6, 2024, was first mailed to Franks at Tallahatchie County Correctional Facility and subsequently mailed to Franks at USP Pollock following his transfer to that facility. Neither of those mailings have been returned to the Court as undeliverable. Moreover, an online search indicates that Franks remains incarcerated at USP Pollock, where the Court's June 25, 2024 order was last sent.[3]

---

[3] https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last visited Sept. 19, 2024).

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Franks has made no apparent attempt to comply with the Court's orders to pay the initial partial filing fee. Nor has Franks explained his failure to comply with the Court's most recent order, indicated that he is unable to comply, or sought additional time within which to comply. Franks' lack of

5

response suggests that he has lost interest in and abandoned the prosecution of this action. In light of Franks' failure to prosecute this action and to obey this Court's orders to pay the initial partial filing fee, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority, as it appears no lesser sanction will suffice.[4]

If Franks disputes the finding that he failed to comply with the Court's orders directing him to pay the initial partial filing fee by authorizing payment of the filing fee by jail or prison officials, he must set forth in an objection to this report and recommendation the reasons for his failure to effectuate payment. See Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002) (finding that allowing objections to a magistrate judge's report and recommendation is an acceptable means of ascertaining the steps taken by a prisoner to comply with an order to pay a partial filing fee).

---

[4] The Court notes that Franks complains of events that occurred from July 15, 2023, to February 29, 2024. (See Doc. 6 at 4). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because Franks would have the ability to refile his claims prior to the expiration of the statute of limitations.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **19th** day of **September, 2024.**

/S/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**